# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GABRIEL A. CASTELLANOS,**

                    **Plaintiff,**

**v.**                                                    **Case No:   6:14-cv-396-Orl-40KRS**

**STARWOOD VACATION OWNERSHIP,
INC.,**

                    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. No. 16)** |
| **FILED:** | **April 18, 2014** |

## I.        PROCEDURAL BACKGROUND.

        On April 27, 2012, Plaintiff Gabriel A. Castellanos filed a charge of discrimination against

his former employer, Defendant Starwood Vacation Ownership, Inc., with the EEOC and the Florida

Commission on Human Relations.   Doc. No. 2 ¶ 4; *see also* Doc. No. 16 at 18 (the "Charge of

Discrimination").    Plaintiff subsequently filed a complaint in state court alleging Defendant

violated the Family and Medical Leave Act (the "FMLA") and discriminated and retaliated against

him in violation of the Florida Civil Rights Act, Fla. Stat. § 760.10, *et seq.* (the "FCRA").   Doc.

No. 2 (the "Complaint").   More specifically, Plaintiff asserted four causes of action: (1) FMLA

interference (Count I); (2) FMLA retaliation (Count II); (3) FCRA national origin discrimination (Count III); and, (4) FCRA retaliation (Count IV).   *Id.*

The action was removed to federal court on March 12, 2014.   Doc. No. 1.   On March 17, 2014, Defendant moved to dismiss Plaintiff's FCRA retaliation claim for failure to exhaust administrative remedies.   Doc. No. 7.   Defendant contemporaneously filed an answer responding to the remaining claims asserted in the Complaint.   Doc. No. 6.

On March 28, 2014, Plaintiff filed the First Amended Complaint in which he reasserted the FMLA and FCRA claims and alleged two additional claims for race discrimination and retaliation in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").   Doc. No. 10 (the "Amended Complaint").   In light of the amended filing, Defendant's motion to dismiss was denied as moot.   Doc. No. 13.

On April 18, 2014, Defendant filed the instant Motion to Dismiss Plaintiff's First Amended Complaint.   Doc. No. 16.   In the motion, Defendant argues that Plaintiff's FCRA retaliation claim should be dismissed for failure to exhaust administrative remedies and that the remaining causes of action should be dismissed for failure to state claims upon which relief can be granted.   *Id.*   On May 23, 2014, Plaintiff filed its Response in Opposition to Defendant's Motion to Dismiss.   Doc. No. 22.

The motion has been referred to me for issuance of a Report and Recommendation.

## II.   ALLEGATIONS OF THE AMENDED COMPLAINT.[1]

Plaintiff is a Hispanic male from Mexico.   He was employed by Defendant from February of 1997 until March 26, 2012.   Doc. No. 10 ¶¶ 10-11; Doc. No. 16 at 18.[2]

---

[1]   The allegations of fact set forth herein are the same allegations made in the Complaint.

[2]   In addition to the allegations of the Amended Complaint, I consider the facts set forth in the Charge of Discrimination for the following reasons: (1) Plaintiff referred to it in his Amended Complaint,

The last position Plaintiff held while working for Defendant was Team Leader of the International Travelers Sales Team. Doc. No. 10 ¶ 12. During his employment, Plaintiff was subjected to less favorable working conditions than white employees. *Id.* ¶ 14. Plaintiff complained to Defendant about these conditions. *Id.* ¶ 15.

At some point during his employment Plaintiff suffered from one or more serious health condition(s). *Id.* ¶ 16. Plaintiff gave notice of his health condition(s) to Defendant and requested FMLA leave. *Id.* ¶ 18. Defendant failed to timely provide Plaintiff with notice of his rights under the FMLA. *Id.* ¶ 19.

On March 26, 2012, Defendant terminated Plaintiff. *Id.* ¶ 20. Jim Johnson, a manager for Defendant who is white, told Plaintiff that he was terminated because of his job performance. Doc. No. 16 at 18. Plaintiff maintains, however, that he was terminated for unlawful reasons. Plaintiff satisfactorily performed the job requirements of his position, and he was an excellent salesman with many years of tenure working for Defendant. Doc. No. 10 ¶¶ 12-13. Prior to his discharge Plaintiff had never received discipline concerning his job performance. Plaintiff's sales production was greater than that of Bill Taylor, a white sales representative who was not terminated. Plaintiff was not offered severance pay. Non-Mexican employees who were terminated, however, were offered severance pay. *Id.*

## III.   STANDARD OF REVIEW.

In order to state a claim for relief a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "To survive

---

Doc. No. 10 ¶4; (2) the document is central to Plaintiff's claims; (3) its contents are not in dispute (both parties cite to it in their briefs); and (4) Defendant attached it to its motion to dismiss. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (A document that is not attached to the complaint may be considered when analyzing a motion to dismiss when the "plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss.").

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The Court will not, however, accept as true legal conclusions in the complaint.   *Id.*   Dismissal is appropriate if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief.   *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## IV.   ANALYSIS.

### A.   *Subject-Matter Jurisdiction.*

The Court has federal question jurisdiction over Plaintiff's claims of violations of the FMLA and Section 1981.   28 U.S.C. § 1331.   Plaintiff's claims of violations of the FCRA are so factually related to the federal claims that they form part of the same controversy as the federal claims. Therefore, the Court has supplemental jurisdiction over Plaintiff's FCRA claims.   28 U.S.C. § 1367(a).

### B.   *Whether the Motion Is Timely With Respect to Counts I, II and III.*

Defendant seeks dismissal of Counts I, II and III pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.   Plaintiff contends that Defendant's motion is untimely with respect to these counts because Defendant did not assert that these counts should be dismissed in its first motion to dismiss.

Federal Rule of Civil Procedure 12(g)(2) provides that, with certain exceptions, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."   Plaintiff correctly argues that he did not allege any new facts in the Amended Complaint.   Because the defense of failure to state a claim on which relief could be granted was available to Defendant when it filed its

first motion to dismiss, Plaintiff is correct that the motion to dismiss Counts I, II and III of the Amended Complaint under Rule 12(b)(6) is untimely.

Nevertheless, the defense of failure to state a claim is not waived by failing to assert it in the original motion to dismiss. *See Ingle v. Janick*, No. 2:14-cv-544-FtM-38DNF, 2014 U.S. Dist. LEXIS 160841, at *7 (M.D. Fla. Nov. 17, 2014).   One of the exceptions to Rule 12(g) is found in Rule 12(h)(2), which provides that failure to state a claim upon which relief can be granted may be raised in a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) after the pleadings are closed.

Because Defendant has answered Counts I, II and III, the pleadings are closed as to those causes of action.   Therefore, I will treat the motion to dismiss as a motion for judgment on the pleadings as to Counts I, II, and III.[3]   In reviewing a motion for judgment on the pleadings, the Court accepts the well-pleaded facts alleged in the complaint as true and views them in the light most favorable to the moving party.   *Williams v. Monroe Cnty. Bd. of Educ.*, Civil Action No. 07-0561-CG-B, 2009 WL 1767658, at * 1-2 (S.D. Ala. June 23, 2009).

   C.   *Motion for Judgment on the Pleadings.*

      1.   Count I – FMLA Interference.

Under the FMLA, an eligible employee may take up to 12 workweeks of leave during any 12-month period because of a serious health condition that makes the employee unable to perform the functions of his position.   29 U.S.C. § 2612(a)(1)(D).   An employer must not "interfere with, restrain, or deny [an employee's] exercise of or [his] attempt to exercise" FMLA rights.   29 U.S.C.

---

[3]  While I recognize that a motion for judgment on the pleadings is technically not ripe because there are disputed issues of fact, delaying resolution of Defendant's arguments would unnecessarily multiply the proceedings.   Moreover, there is no prejudice to Plaintiff by this approach, because Plaintiff addressed the substance of Defendant's arguments regarding Counts I, II and III in his response to the motion.

§ 2615(a)(1).   To state a claim for FMLA interference an employee must allege that he was denied a benefit to which he was entitled under the FMLA.   *Strickland v. Water Works & Sewer Bd. of the City of Birmingham*, 239 F.3d 1199, 1206-07 (11th Cir. 2001).

Defendant admitted that it was Plaintiff's employer within the scope of the FMLA during the times relevant to the Complaint.   Doc. No. 2 ¶ 8; Doc. No. 6 ¶ 8.   Defendant also admitted that Plaintiff was a protected employee under the FMLA during the times relevant to the Complaint. Doc. No. 2 ¶ 6; Doc. No. 6 ¶ 6.

Defendant denied that Plaintiff was eligible for FMLA benefits, and it denied that Plaintiff had one or more serious health conditions as defined by the FMLA.   Doc. No. 2 ¶¶ 16, 23; Doc. No. 6 ¶¶ 16, 23.   In its motion, Defendant argues that Plaintiff's allegation that he has a "serious health condition" is a legal conclusion not supported by well-pleaded facts and, therefore, that Plaintiff has not alleged sufficient facts to plausibly show that he was entitled to FMLA benefits.

A "serious health condition" is defined in the FMLA to include an illness, injury, impairment or physical or mental condition that involves continuing treatment by a health care provider.   29 C.F.R. §§ 825.113(a), 825.115.   As such, the term "serious health condition" is a conclusion of law, not a well-pleaded fact.   Because Plaintiff did not allege facts sufficient to plausibly show that his condition met the definition of serious health condition under the FMLA, I recommend that the Court find that Defendant's motion directed to Count I of the Complaint is meritorious.   *See, e.g., Juback v. Michaels Stores, Inc.*, No. 8:14-cv-913-T-27EAJ, 2014 WL 3720540, at * 3 (M.D. Fla. July 23, 2014).

Defendant also argues that Plaintiff has not alleged facts sufficient to show how Defendant allegedly interfered with his FMLA rights.   I recommend that the Court find that this argument is also well taken.   In his response to the motion, counsel for Plaintiff asserts that the interference

alleged was Defendant's failure to provide Plaintiff with notice of his rights under the FMLA after he requested FMLA leave.   Doc. No. 22 at 4-7; *see also* Doc. No. 2 ¶ 19.   Plaintiff does not allege, however, any facts to even plausibly suggest that he was prejudiced by the Defendant's alleged failure to provide him notice of his rights under the FMLA.   "[A]n interference claim cannot lie where there is no actual prejudice to the employee."   *Seguin v. Marion Cnty. Health Dep't*, No. 5:13-cv-96-Oc-10PRL, 2014 WL 3955162, at * (M.D. Fla. Aug. 13, 2014).

For these reasons, I recommend that the motion be granted as to the FMLA interference claim in Count I.

2.    Count II – FMLA Retaliation.

To state a claim for FMLA retaliation, a plaintiff must show: (1) that he availed himself of a protected right; (2) that he suffered an adverse employment action; and (3) that there is a causal connection between the protected activity and the adverse action.   *Earl v. Mervyns, Inc.,* 207 F.3d 1361, 1367 (11th Cir. 2000).   Plaintiff alleges that he availed himself of a protected right by requesting FMLA leave and that, as a result of that request, his employment was terminated. Defendant contends that Plaintiff has not sufficiently alleged a causal connection between Plaintiff's request for leave and his termination.   This argument is also meritorious.

The causal connection element requires that Plaintiff show that the protected activity and the adverse action were not wholly unrelated.   *See Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000).   To plausibly allege that the protected activity and the adverse action were not wholly unrelated, a plaintiff generally must allege that the decision maker was aware of the protected activity at the time of the adverse employment action.   *Id.*   When there is no direct evidence of a causal connection, a plaintiff may plausibly allege such a connection by alleging that the adverse employment action was taken within a short time after the decision maker learned of the

protected activity.  *Id*.  In the Complaint, Plaintiff did not allege that Jim Johnson, the manager who told him that he was fired, was aware of Plaintiff's request for FMLA leave.   Plaintiff also did not allege the temporal proximity between the request for FMLA leave and his termination.

Plaintiff contends that the allegations of the Complaint are, nevertheless, sufficient because he alleged that "Defendant's actions as to the illegal retaliation to which he was subjected were willful, knowing, and voluntary. . . ."  Doc. No. 22 at 7; Doc. No. 2 ¶ 27.   This contention fails. In *Brungart*, the United States Court of Appeals for the Eleventh Circuit rejected the argument that knowledge of the protected conduct should be imputed to a corporation when individuals other than the decision maker had knowledge of the protected activity.   231 F.3d at 800.   Therefore, the allegation that "Defendant" acted willfully, knowingly and voluntarily is insufficient to state a plausible claim that Plaintiff's termination was causally connected to his request for FMLA leave.

For these reasons, I recommend that the motion be granted as to Count II.

### 3.   Count III – FCRA Discrimination.

Turning to Plaintiff's FCRA discrimination claim, Defendant argues that Plaintiff failed to plead sufficient facts to plausibly show that Defendant treated similarly situated employees outside Plaintiff's protected class more favorably than it treated Plaintiff.   Doc. No. 16 at 9.   While Defendant is correct that the allegations of the Complaint are sparse in this respect, the factual allegations in the Complaint and in the Charge of Discrimination are sufficient to make this claim plausible.

"[A] plaintiff may prove a claim of discrimination through circumstantial evidence under the three-step, burden shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), or alternatively, by presenting circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent."   *Edmond v. Univ. of*

*Miami*, 441 F. App'x 721, 723 (11th Cir. 2011) (also citing *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1325 (11th Cir. 2011)).[4]   Under the *McDonnell-Douglas* test, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position that he held; (3) he was discharged from that position; and, (4) the employer treated him less favorably than a similarly situated individual outside of his protected class.   *Id.* at 724.

Here, Plaintiff alleges that he is a Hispanic male from Mexico.   He alleges that he was qualified for his position.   He alleges that he was terminated.   Finally, he alleges that his sales production was greater than that of Bill Taylor, who is white, and that Taylor was not terminated for poor job performance (the stated reason for Defendant's decision to terminate Plaintiff).   These facts are sufficient to plausibly state a claim of national origin discrimination.   *See Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008).

Accordingly, I recommend that the Court deny the motion with respect to Count III.

D.   *Motion to Dismiss For Failure to State a Claim.*

1.   Count IV – FCRA Retaliation.

In Count IV of the Amended Complaint, Plaintiff alleges that Defendant violated the FCRA by retaliating against him for opposing Defendant's unlawful discrimination and/or harassment. Doc. No. 10 ¶¶ 42-46.   In order to maintain a civil action under the FCRA, a plaintiff must timely file a charge of discrimination.   Fla. Stat. § 760.11(1) (2014); *Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So. 2d 891, 894 (Fla. 2002).

In the Charge of Discrimination, Plaintiff checked a box indicating that he was alleging discrimination based on national origin.   He did not check the box indicating that he was also alleging discrimination based on retaliation.   Doc. No. 16 at 18.   Defendants assert that because

---

[4] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

Plaintiff did not check the retaliation box and because he alleged that the acts of discrimination occurred on the day that he was terminated, he has not exhausted his claim of retaliation in violation of FCRA.

The purpose of filing the charge of discrimination is to put the employer on notice of the allegedly improper practices and permit it to remedy the situation.   These purposes are frustrated when a claimant asserts one set of claims in the administrative proceedings but attempts to assert another set of unrelated claims in a subsequent civil action.   *Sunbeam Television Corp. v. Mitzel*, 83 So. 3d 865, 874 (Fla. 3d Dist. Ct. App. 2012).   Therefore, the scope of judicial claims are limited to those alleged in the charge of discrimination and claims that amplify, clarify, or more clearly focus the claims in the administrative complaint.   *Id.* (quoting *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279-80 (11th Cir. 2004).

In *Gregory*, the plaintiff, without the assistance of counsel, filed a charge of discrimination with the EEOC.   355 F.3d at 1278.   She alleged that she was terminated by the defendant for no legitimate reason.   She checked only the boxes for gender and race discrimination and left the retaliation box blank.   After the EEOC issued a right-to-sue letter, the plaintiff filed a civil action in which she alleged that her termination was motivated by her race and in retaliation for her complaints about race discrimination.   *Id.* at 1279.   The defendant contended that the plaintiff had not exhausted her administrative remedies with respect to her retaliation claim.   The Eleventh Circuit found that the district court did not err in finding that the plaintiff's administrative claim was not barred by the failure to mark the retaliation box on the charge.   It noted previous cases holding that the scope of a charge of discrimination should not be strictly interpreted especially when the person filing the charge is not assisted by counsel.   *Id.* at 1280.   It further reasoned that "[a]n EEOC

investigation of [the plaintiff's] race and sex discrimination complaints leading to her termination would have reasonably uncovered any evidence of retaliation." *Id.*

It appears in the present case that Plaintiff prepared and filed the Charge of Discrimination without assistance of counsel.   While he failed to check the box for retaliation and he provided only the date of his termination, he alleged, much like the plaintiff in *Gregory*, that he believed he was terminated and denied severance because of his national origin.   Under these circumstances, the administrative investigation would reasonably have uncovered the reason for Plaintiff's termination and denial of severance payments, whether for a legitimate reason, a discriminatory reason or a retaliatory reason.   Because a court should be reluctant to allow procedural technicalities to bar these claims, *id.*, I recommend that the Court find that Plaintiff has sufficiently exhausted his administrative remedies with respect to his claim of retaliation in violation of FCRA.

Accordingly, I recommend that the Court deny the motion with respect to Count IV.

2.   Count V – Section 1981 Race Discrimination.

Section 1981 provides, in relevant part, that all persons within the jurisdiction of the United States shall have the same right to make and enforce contracts as is enjoyed by white citizens.   The elements of a cause of action under Section 1981 are "'(1) that the plaintiff is a member of a racial minority[5]; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute.'"   *Lopez v. Target Corp.*, 676 F.3d 1230, 1233 (11th Cir. 2012) (quoting *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007)).

---

[5] In *St. Francis College v. Al-Khazraji*, 481 U.S. 604 (1987), the United States Supreme Court held that a person who alleged discrimination in violation of Section 1981 must prove that he was subjected to intentional discrimination based on this "race" rather than the place or nation of his origin for purposes of Section 1981.   Rather than dismiss the Amended Complaint for alleging only national origin discrimination, the better practice as analyzed in *Al-Khazraji* appears to be to allow Plaintiff to prove "race" discrimination later in the case.

Defendant argues that Plaintiff's claim of national origin discrimination in violation of Section 1981 fails to state a plausible claim because Plaintiff has not identified white employees who were treated better than he was treated.   For the reasons discussed above regarding Plaintiff's claim of discrimination in violation of the FCRA, I recommend that the Court find that Plaintiff sufficiently identified a white employee, Bill Taylor, who was treated differently than Plaintiff was treated.

Accordingly, I recommend the Court deny the motion with respect to Count V.

3.    Count VI – Retaliation in Violation of Section 1981.

To establish a prima facie case of retaliation under Section 1981, a plaintiff must allege: (1) that he engaged in a statutorily protected activity; (2) that he suffered an adverse employment action; and (3) that there is a causal connection between the two events.   *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008).   To plausibly allege causation, Plaintiff must allege that the decision maker was aware of the Plaintiff's protected activity and that there was close temporal proximity between this awareness and the adverse employment action.   *Hendricks v. Baptist Health Servs.*, 278 F. Supp. 2d 1276, 1287 (M.D. Ala. 2003).   Defendant argues that Plaintiff has not stated a plausible claim of retaliation because he has not alleged what "discriminatory employment practices" he complained about or when or to whom he made these complaints.

In *Raja v. Englewood Community Hospital, Inc.*, No. 8:12-cv-2083-JDW-AEP, 2013 WL 4016518 (M.D. Fla. Aug. 6, 2013), the Court found that a claim of retaliation in violation of Section 1981 did not state a plausible claim for relief for two reasons.   First, the allegations of complaint were entirely conclusory regarding the nature of the protected activity because there were no allegations regarding the nature of the complaints allegedly made, the timing of the complaints or the reaction to the complaints by the defendant.   Second, there were no factual allegations that the

adverse actions taken by the defendant were causally related to the protected activity. *Id.* at 5. For these reasons, the court dismissed the complaint for failure to state a plausible claim of Section 1981 retaliation. *Id.*

The Court's reasoning in *Raja* is equally applicable in this case. In the Amended Complaint, Plaintiff alleged that he complained about national origin discrimination based on less favorable working conditions but he did not allege any facts identifying these allegedly less favorable working conditions. He also did not allege to whom he made these complaints, or allege any facts sufficient to show that the decision maker who allegedly retaliated against him was aware of his protected activity. For these reasons, I recommend that the Court find that Plaintiff failed to allege a plausible claim of Section 1981 retaliation.

Accordingly, I recommend that the motion be granted with respect to Count VI.

E.     *Whether Leave to File a Second Amended Complaint Should be Granted.*

Plaintiff requests that if the Court is inclined to grant any part of Defendant's motion that he be given leave to file a second amended complaint. Doc. No. 22 at 14. The Court has the discretion to permit Plaintiff to file an amended complaint even after a motion for judgment on the pleadings is granted. *See Schamis v. Josef's Table, LLC*, No. 12-80638-CIV, 2013 WL 3894971, at * 3 (S.D. Fla. July 26, 2013).

Plaintiff has already filed one amended complaint. Nevertheless, the Court's ruling on the Defendant's motion will likely provide counsel for Plaintiff with guidance about the factual allegations that must be made in order to state plausible claims for relief. Under these circumstances, I recommend that Plaintiff be given only one additional opportunity to amend the complaint.

## V.     RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 16) in part, **DISMISS** Counts I, II, and VI of the First Amended Complaint, and **DENY** the motion in all other respects. I **FURTHER RECOMMEND** that Plaintiff be granted leave to file a second amended complaint within a time specified from the Court's Ruling on this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 23, 2014.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy